IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-343-GPG

JOSEPH TOPPS,

    Plaintiff,

v.

J. ARMIJO,
J. ISON,
M. ANTHONY,
M. ALICEA,
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

    Plaintiff, Joseph Topps, is in the custody of the Federal Bureau of Prisons, currently incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado. On February 11, 2016, he initiated this action by filing *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming Eighth Amendment violations of deliberate indifference and excessive force. (ECF No. 1). He seeks monetary and injunctive relief.

    Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 8). Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss an

1

action at any time that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe Mr. Topps' Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed in part, and the remainder drawn to a presiding judge.

**I.     Complaint**

Mr. Topps asserts two claims for relief based on a violation of his Eighth Amendment rights. According to Plaintiff, in January 2016, Defendant Armijo, a prison official, told Plaintiff he was going to get a new cellmate. The proposed new cellmate was a member of a gang, which had an "S.O.S. ('Stab on Sight') order on all ex-members (which Plaintiff was)." (ECF No. 1 at 5). Plaintiff explained to Defendant Armijo that he felt unsafe with the proposed new cellmate for that reason. Additionally, the proposed cellmate stated, "Y'all put me in there, I'm a kill that nigga." (*Id.*)

Defendant Armijo summoned Defendants Anthony, Ison, and Alicea and ordered Plaintiff to submit to hand restraints, which he did. The four Defendants then put the new cellmate in plaintiff's cell and removed the cellmate's restraints, but not Plaintiff's. At that point, the new cellmate attacked Plaintiff with closed fists, punching his face and upper body. Plaintiff remained restrained. The four Defendants watched the attack for eight to ten minutes but did nothing to intervene. Then, the four Defendants began pepper spraying Plaintiff and the new cellmate and separated them. Plaintiff suffered a

concussion, lacerated lips, loose teeth, injured neck and irritation to the eyes and lungs.

Plaintiff asserts Eighth Amendment claims against the four individual Defendants and the Federal Bureau of Prisons for deliberate indifference (construed as failure to protect) and excessive force.

### A. BOP and Official Capacity Claims

To the extent Mr. Topps sues the Federal Bureau of Prisons and the individual Defendants in their official capacities under *Bivens* for alleged constitutional violations, the claims are barred by sovereign immunity. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this court's subject matter jurisdiction. *See McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996). The United States has not waived sovereign immunity for *Bivens* claims asserted against the United States, its agencies, or it employees sued in their official capacities. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (recognizing that a "prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"); *Trapp v. U.S. Marshals Service*, No. 04-3405, 139 F. App'x 12, 14 (10th Cir. May 18, 2005) (unpublished) (affirming dismissal of constitutional claims asserted against the individual defendants sued in their official capacities as barred by sovereign immunity).

Accordingly, any *Bivens* claims asserted against the Federal Bureau of Prisons and the individual Defendants sued in their official capacities will be dismissed for lack

of subject matter jurisdiction.  *See Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir.1997).

### B. Excessive Force

Mr. Topps alleges an excessive force claim against the four individual prison officers apparently based on the fact that they used pepper spray on him.  The use of excessive force by a prison official on a prisoner can rise to the level of an Eighth Amendment violation.  *See Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir 1992) ("[E]xcessive force claims brought by convicted prisoners fall under the rubric of the Eighth Amendment's prohibition against cruel and unusual punishment . . . . "). An excessive force claim under the Eighth Amendment "involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials act[ed] with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).

As to the objective element, the Tenth Circuit has "assumed that the use of mace and pepper spray could constitute excessive force." *Fogarty v. Gallegos*, 523 F.3d 1147, 1161-62 (10th Cir. 2008) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001) ("[P]epper spray is an instrument with which prison officers wield their authority, or force, and thus its use implicates the excessive use of force.")).  For the subjective element, the pivotal inquiry is whether force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm. *Despain*, 264 F.3d at 978 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Mr. Topps' allegations do not establish an excessive force claim. Prison officials may use reasonable force to "maintain or restore discipline." *Whitley*, 475 U.S. at 320. According to Mr. Topps' own allegations, the Defendants used the pepper spray when Plaintiff and another inmate were involved in a physical altercation. Therefore, prison officials were justified in using some force to break up the fight. After the pepper spray was used, Mr. Topps' own allegations state that the Defendants were able to separate the inmates. Mr. Topps provides no allegations that the use of pepper spray was excessive under the circumstances or that it was used maliciously and sadistically. Therefore, the excessive force claim will be dismissed as legally frivolous.

### C. Deliberate Indifference

The Court will not address at this time the merits of the Eighth Amendment deliberate indifference claim, construed as a failure to protect claim, against Defendants Armijo, Ison, Anthony, and Alicea. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c).

Accordingly, it is

ORDERED that all claims asserted against Defendant Federal Bureau of Prisons and the individual Defendants in their official capacities are dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's excessive force claim is dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's deliberate indifference claim against Defendants Armijo, Ison, Anthony and Alicea, in their individual capacities, is drawn to a

presiding judge and, if applicable, to a magistrate judge pursuant to D.C.COLO.LCivR 8.1(c) and D.C.COLO.LCivR. 40.1.

DATED at Denver, Colorado, this  14th  day of   April  , 2016.

                BY THE COURT:

                s/Lewis T. Babcock
                LEWIS T. BABCOCK, Senior Judge
                United States District Court